72 F.3d 129
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Kirk Douglas LEAPHART, Plaintiff-Appellant,
v.
Ronald GACH; M. Armstrong; Joseph McCarroll, Defendants-Appellees.
 No. 95-1639.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1995.
 
 1
 Before MERRITT, Chief Judge; BATCHELDER, Circuit Judge and DOWD,* District Judge.
 
 ORDER
 
 2
 This is an appeal from a summary judgment for the defendants in this prisoner civil rights suit filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Michigan inmates Kirk Douglas Leaphart and Azikiwe Robinson-Bey filed a Sec. 1983 action against three members of the Michigan Board of Parole after the inmates were denied conditional release in separate decisions of the Board. The matter was eventually referred to a magistrate judge who recommended that the court enter summary judgment for the defendants and limit the ability of the plaintiffs to file new actions absent leave of court. The district court adopted the recommendation over the plaintiffs' objections. This appeal followed, although Leaphart was the only plaintiff to sign the notice of appeal. The parties have briefed the issue; Leaphart is proceeding without benefit of counsel.
 
 
 4
 Plaintiffs Leaphart and Robinson-Bey are incarcerated in the Alger Maximum Correctional Facility. They both allege they were denied procedural due process in 1994 in the course of being turned down for conditional release by the named defendants. The plaintiffs sought monetary damages from the defendants in their individual and official capacities. The basic theory of the plaintiffs' complaint is that, as the applicable Michigan regulations are denominated "release decision guidelines," then a decision to release the affected inmate must be required. The plaintiffs eventually moved for summary judgment.
 
 
 5
 The magistrate judge did not share the plaintiffs' convoluted reading of the Michigan regulation. Instead, the magistrate noted the frivolous nature of the action as Michigan inmates do not enjoy a constitutionally cognizable liberty interest in parole. The magistrate recounted Leaphart's many unsuccessful, repetitive civil rights and habeas corpus actions in this vein and recommended that, not only should summary judgment be entered for the defendants, but that the plaintiffs should be required to seek leave of court before filing future lawsuits. The district court adopted the recommendation in its entirety.
 
 
 6
 It is initially noted that Leaphart is the only signatory to the notice of appeal and that the sole issue raised goes to the merits of the action, not the decision to restrict filings. As such, the district court's decision is final with respect to Robinson-Bey and to the filing restrictions imposed.
 
 
 7
 The portion of the district court's decision at issue on appeal is supported by the record and law. A grant of summary judgment will be reviewed de novo on appeal using the same test employed by the district court. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Only factual disputes which may have an effect on the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine", a dispute must involve evidence upon which a jury could find for the nonmoving party. Id. The burden is upon the moving party to show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).
 
 
 8
 Leaphart's complaint is patently meritless. Leaphart cannot assert a deprivation of procedural due process in the absence of a constitutionally protected liberty interest in parole. Michigan inmates have no such interest. See, e.g., Sweeton v. Brown, 27 F.3d 1162, 1164-65 (6th Cir.1994), cert. denied, 115 S.Ct. 1118 (1995).
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation